OPINION OF THE COURT
Irving S. Aronin, J.
This is a CPLR article 78 proceeding by petitioner on behalf of its members for a judgment declaring court reporter II employees to be peace officers within the meaning of CPL 1.20 (subd 33, par [b]) and voiding the respondents’ directive, dated May 7, 1979. Said directive declares the possession of firearms by court reporters II (and others not involved in this proceeding) to be unauthorized and such persons subject to disciplinary action and possible criminal prosecution.
The petitioner claims that employees in court reporter II title are "officials” of the Supreme Court and, therefore, peace officers under CPL 1.20 (subd 33, par [b]). The petitioner alleges, and it is not disputed by the respondents that for many years various Justices of the Supreme Court, Judges of the Criminal Courts, the County Clerks of Queens and Kings, a chief fiscal officer for the Queens Supreme Court, and even a representative of the Office of Court Administration itself recognized and treated court reporters as officials of the court and, therefore, peace officers within the meaning of the applicable law. It is also pointed out by the petitioner that the legislative history confirms the recognition and treatment of court reporters as peace officers.
Significantly, the respondents, in their answer concede the ambiguity of CPL 1.20 (subd 33) and admit that they are attempting to resolve that ambiguity by resolutions and directives. It thus appears that the respondents are attempting to legislate by administrative directive instead of seeking clarifying legislation. It is well settled that courts should not legislate under the guise of interpretation of statutes (Bright Homes v Wright, 8 NY2d 157, 162). What the courts may not do, the respondents certainly cannot do. The construction of a statute accepted for over a long period of time should not be changed without compelling reason (Matter of Schinasi, 277 NY 252, 265, 266).
This court agrees with the reasoning in People v Marrero (94 Mise 2d 367) where defendant, a Federal corrections officer was indicted for possession of a weapon. A motion to dimiss was granted, the court stating (p 368) "whenever there is a statute as ambiguously drawn as the one involved here, this *885 court is not inclined to choose an interpretation that will operate to the detriment of the defendant”. Certainly, court reporters, no less than criminals, are entitled to the benefit of the doubt.
Were this court to adopt the stance of the respondents it would be branding the court reporters as criminals and, technically speaking, this court would have to send this matter to the District Attorney for prosecution. Criminal prosecution is expressly threatened in the directive. Such a result would be shocking to the judicial conscience. Accordingly, this court finds that court reporters are peace officers and the attempt to change the statute by administrative directive is unlawful, arbitrary, capricious and an abuse of discretion.
It is argued by the respondents that even if the court reporters are peace officers, the carrying of firearms is subject to conditions and limitations. This argument is valid if the conditions and limitations are not discriminatory and are reasonable and have some rational basis for the accomplishment of governmental objectives. The petitioner contends that the directive does not meet the foregoing criteria.
Petitioner contends that the directive is discriminatory and unconstitutional because it does not apply to court clerks and law clerks to Judges (formerly called law secretaries) who are similarly situated with respect to peacekeeping functions and the carrying of firearms. This court will not comment on the moot question of whether or not court clerks are similarly situated. However, the court does agree with the petitioner that court reporters and law clerks are similarly situated and that law clerks are no more involved with peacekeeping duties, by job definition or otherwise, than are court reporters. The court feels that the disparate treatment of these two classes of employees is discriminatory and that there is no rational basis for such discrimination.
There is nothing in the job definitions or in the record to show that law clerks are involved with peacekeeping duties any more so than court reporters. There is some attempt in the affidavits annexed to the respondents’ answer to attribute security or peacekeeping duties to law clerks but it is not substantiated by the record. There is a gratuitous statement in respondents’ memorandum of law that a law clerk frequently provides the only protection Judges have while in chambers or in transit to the courtroom. However, such statement contained in a brief is not part of the record and is *886 mere speculation. If one were to engage in speculation, it might be pointed out that of all the court officials, the court reporter is the one who is constantly in closer proximity to the Judge during court proceedings and hence in a better position to protect a Judge. Although respondents have set up a weapons training program for newly appointed court officers, it appears that neither law clerks nor court reporters previously appointed are required to participate or have actually participated in any training program.
The court finds that the directive complained of violates the equal protective provisions of the New York State Constitution and the Fourteenth Amendment of the United States Constitution. The distinction created by the respondents’ directive gives rise to disparate treatment of two classes of court employees who, with respect to weapons, are similarly situated. There is no rational relationship between the distinction drawn by the respondents and the objective of the regulation.
We come finally to the petitioner’s contention that the directive, on its face, far exceeds the scope of any lawful governmental purpose because it attempts to regulate the off-premises, off-duty conduct of reporters in a manner unrelated to their employment. Respondents’ memorandum of law states that the directive was promulgated in the interests of public safety to reduce possibility of injury which may be caused by possession of firearms by untrained personnel and to prevent possible tort liability by the State arising from possession of firearms by such personnel. However, such argument, assuming it were valid applies with equal force to law clerks and is discriminatory. Furthermore, it would seem that the proper remedy is to require training of all personnel who carry firearms. The court finds that the respondents’ directive is unreasonable, arbitrary and an abuse of discretion because it does not merely regulate but imposes a blanket prohibition against the use and possession of firearms by court reporter II employees while off duty and off premises. The respondents have failed to heed the principle set forth in Figaro v Ward (86 Mise 2d 530) that a directive must have a reasonable connection with the employment of the petitioners.
The court finds the court reporters II to be peace officers within the meaning of CPL 1.20 (subd 33, par [b]). For all the reasons heretofore set forth, this court holds that the directive of May 7, 1979 is arbitrary, unreasonable, an abuse of discre *887 tian, discriminatory and unconstitutional, and it is hereby declared null and void.